UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV11-0532 VAP(OPx)                                  Date: May 18, 2011

Title:     WALT MYZYKA dba L & L Enterprises -v- KAREN R. CHERNIACK
==============================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

Marva Dillard                                   None Present
Courtroom Deputy                                Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFF:                               DEFENDANT:

None                                     None

PROCEEDINGS:    MINUTE ORDER (1) REMANDING ACTION TO CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE, and (2) DENYING PLAINTIFF'S MOTION TO REMAND AS MOOT (IN CHAMBERS)

    On February 23, 2011, Plaintiff Walt Muzyka dba L & L Enterprises ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendant Karen R. Cherniack ("Defendant") in the Superior Court for the County of Riverside.  (Doc. No. 1 (Not. of Removal).)  On April 4, 2011, Del Reposo Property Trust ("Del Reposo"),[1]

---

[1] Del Reposo is not the Defendant in the underlying state court action, and has not appeared in that action.  It appears, therefore, that Del Reposo is not a defendant, and accordingly was not entitled to remove the action to this Court. Moreover, Del Reposo appears to proceed pro se.  Trusts may not appear in any action or proceeding pro se.  See L.R. 83-2.10.1 ("A corporation including a limited

"as authorized fiduciary trustee of said trust, grantee in due course of all right, title and interest in the subject property in said case, and proceeding to protect the interests for Karen R. Cherniack as beneficiary thereof," appearing pro se, removed the action to this Court on the basis of federal question jurisdiction. (See Not. of Removal at 2-3.) On April 15, 2011, Plaintiff filed a motion to remand ("Motion"). (Doc. No. 76) On Nay 9, 2011, Defendant filed a "Response" ("Opposition") and a request for judicial notice. (Doc. Nos. 7, 8.) Finding it lacks subject-matter jurisdiction, the Court remands this action sua sponte.

Removal jurisdiction is governed by statute. See 28 U.S.C. §§ 1441, et seq. The Ninth Circuit applies a strong presumption against removal jurisdiction, Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988), and "the defendant always has the burden of establishing that removal is proper," Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)). See also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction").

---

liability corporation, a partnership including a limited liability partnership, an unincorporated association, or a trust may not appear in any action or proceeding pro se." (emphasis added)); see also Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). The Court does not resolve these issues, however, because it finds it lacks jurisdiction over this action for the reasons discussed below.

Defendant has not met her burden of demonstrating the Court's jurisdiction over this action. Under 28 U.S.C. § 1332, the Court has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). The Court finds no basis for diversity jurisdiction because Plaintiff filed this action as a "limited civil case" with a demand of less than $10,000. (See Compl. at 1.) As such, this case cannot meet the statutory amount -in-controversy requirement for diversity jurisdiction. See 28 U.S.C. § 1332.

Under 28 U.S.C. § 1331, the Court also has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

Defendant alleges removal is proper on the basis of federal question jurisdiction, as follows:

> [T]his Court is an Article III court with express authority to hear and adjudicate any questions arising under the Constitution for the [U]nited States of America, the Constitution, Laws, and Treaties of the United States, including but not limited to the Bill of Rights and within enumerated sections that are identified as the First, the Fourth, the Fifth, the Sixth[,] the Seventh, the Eighth, the Ninth, the Tenth, the Eleventh, the Northwest Ordinance, the International Covenant on Civil and Political Rights and the Universal Declaration of Human Rights, with Reservations, with reference to the Article VI ("Supremacy Clause") of the Constitution for the [U]nited States of America, as amended . . . . Petitioner . . . complains of various willful acts which are attempts at deprivation of fundamental rights as guaranteed and protected by the Constitution, Laws and Treaties identified above, and/or by federal law, and which deprivations constitute civil violations of 42 U.S.C. § 1983 . . . .

> Petitioner . . . state[s] that such limited civil cases for unlawful detainer do not allow for challenge of jurisdiction, raising of issues of title or other relevant issues, and as such represent willful deprivation of rights pursuant to [42 U.S.C. § 1983] . . . . [R]emoval is established in this Court to secure rights protected by the above referenced federal codes and statutes and foundation documents, where such expectation of protection of rights and due process cannot be secured in the limited jurisdiction of the current state court . . . . [R]emoval to this Court [must proceed] in order to gain the necessary stay of proceedings and immediate intervention with the exercise of full jurisdiction and authority to hear material facts and review establishing documentary evidence to address the issues of right, title and interest in the subject property.

(See Not. of Removal at 3-4.) Although citing to various statutes and Amendments to the Constitution, Defendant does not state a basis for federal question jurisdiction. Further, from the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint). Thus, no federal question is presented on the face of the Complaint, nor has a federal claim been disguised by artful pleading. Defendant accordingly has not demonstrated the Court may exercise jurisdiction on the basis of federal question, 28 U.S.C. § 1331.

For these reasons, the Court lacks subject matter jurisdiction. As Defendant has not met her burden of establishing that the case is properly in federal court, the Court REMANDS the action to the Superior Court for the County of Riverside and DENIES Plaintiff's Motion as moot.

**IT IS SO ORDERED.**